1
2
3
4
5
6
7

> **FILED**
>
> Sep 10 2021
>
> SUSAN Y. SOONG
> CLERK, U.S. DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
> OAKLAND

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10
11
12

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW LEE PELTON,

Defendant.

Case No. 21-cr-00351 JSW (NC)

**DETENTION ORDER**

Hearing: 9/10/2021

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on September 10, 2021, held a detention or release hearing for defendant Matthew Lee Pelton. Pelton was initially charged by complaint, but on this same day was arraigned on the two-count felony charges in a Grand Jury Indictment for manufacture of child pornography in violation of 18 U.S.C. § 2251(a) and receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Pelton appeared at the hearing remotely by Zoom webinar from Santa Rita Jail, with his appointed counsel, Adam Gasner, also appearing remotely. Pelton is presumed innocent of the charges. This order does not constitute evidence or a finding of the defendant's guilt. The prosecution was represented by AUSA Samantha (Schott) Bennett on the briefs and at the hearing.

The Court considered a pre-bail report from the Pretrial Services Department and a

detention memorandum filed by the prosecution. Pretrial Services recommended detention based on a risk of danger to the community.  The Court additionally considered 3 declarations from crime victims.  ECF 13.  The Court considered all the information presented on behalf of crime victims.  No crime victim information was excluded.

The charge in this case creates a rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(3).

Based on the information presented to the Court and considering all the factors required under the Bail Reform Act, the Court determines that Pelton did not rebut the presumption of detention and that the prosecution has shown by more than clear and convincing evidence that Pelton presents a danger to the safety of other persons and the community, and that no combination of conditions can reasonably mitigate that risk at present.  That danger is evidenced by the criminal conduct asserted in the complaint and indictment and submitted with the prosecution's memorandum; a crime that involves two traumatized minor victims; magnified by conspiratorial planning and execution of the criminal acts with a co-conspirator; and resulting danger to other minors, no matter their proximity, if he were released.  In mitigation, the Court considers defendant's history and characteristics, including his lack of a criminal record, lengthy employment history, his ties to the community, and his need to access medical care and receive counseling and drug treatment.  Two family members appeared with him at the hearing in support.  As to risk of non-appearance, the Court agrees that conditions could be imposed.  Detention is based on safety of other persons and the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court

1    proceeding.

2         IT IS SO ORDERED.

3         Date: September 10, 2021

4                                          Nathanael M. Cousins
                                          United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28