UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEATHER GHARIBIAN, and MATTHEW PELTON,<br><br>Defendants. | Case No. 21-cr-00351-JSW-1<br><br>**ORDER GRANTING REQUEST TO CONTINUE RESTITUTION HEARING AND INSTRUCTIONS TO COUNSEL**<br><br>Re: Dkt. No. 178 |

This matter is currently scheduled for a restitution hearing on September 12, 2023, and the parties are moving to continue the hearing to September 26, 2023 because Defendant Matthew Pelton is no longer housed in the District and has stated he wants to be present for the hearing.

The Court advises the parties that because Mr. Pelton is now in the custody of the Bureau of Prisons, it is highly unlikely that the two week continuance will sufficient to bring him back to this District. In addition, the Bureau of Prisons will require a request from the Government to enable Mr. Pelton to be returned to this District.

When the Court imposed judgment, it deferred the restitution hearing and did not impose a specific amount of restitution, but included a requirement that Defendants pay restitution as a special condition of release. Because restitution is mandatory, the Court ADVISES all parties that it will impose restitution and has left that matter open solely for purposes of determining the amount of restitution. In general, a court must impose restitution no later than 90 days after sentencing. 18 U.S.C. § 3664(d). However, the United States Supreme Court has held the statutory deadline is not jurisdictional. *Dolan v. United States*, 560 U.S. 505 (2010); *see also United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162-63 (9th Cir. 2010) (holding a court does not

lose power to issue a restitution order after statutory deadline, at least where court advised it would impose restitution and only matter left open was the amount).

In light of the representations that Minor Victim 2's losses are not yet ascertainable, pursuant to *Dolan* and *Kuo,* the Court GRANTS the request to continue the matter to September 26, 2023. The parties' briefing on restitution is due by September 12, 2023, and their responsive briefs are due by September 19, 2023.

In addition to the issues regarding restitution, in his brief Mr. Pelton shall address: (1) why "a fair and just hearing would be thwarted by [his] absence" or why he would be prejudiced if he is not present[1]; (2) whether the Court can or should resolve the issue regarding the amount of restitution due without conducting a further hearing; and (3) the efforts he, his counsel, and the Government have made to bring him back to this District if the Court determines a hearing should be held *and* that Mr. Pelton *must* be present at the hearing.

Finally, if the parties reach a stipulation on restitution, they shall include information about whether the victims have been informed of and consent to the stipulation.

**IT IS SO ORDERED**.

Dated: August 30, 2023

JEFFREY S. WHITE
United States District Judge

---

[1] *See, e.g., United States v. Samuel*, 663 Fed. Appx. 508, 513-514 (9th Cir. 2016).

2