UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEATHER GHARIBIAN, et al.,<br><br>Defendants. | Case No. 21-cr-00351-JSW-1, 2<br><br>**ORDER GRANTING REQUESTS FOR RESTITUTION** |

Now before the Court for consideration are the requests for restitution submitted by the Government on behalf of the two minor victims in this case (hereinafter "Minor Victim 1" and "Minor Victim 2"). The Court has considered the parties' briefs, relevant legal authority, the record in this case, and oral argument.[1] For the reasons that follows, the Court shall award restitution in the amount of $329,200.00 to Minor Victim 1 and in the amount of $ 574,573.30 to Minor Victim 2.

**BACKGROUND**

On June 27, 2023, the Court sentenced Defendant Heather Gharibian to a term of 264 months imprisonment after she entered a guilty plea to one count of conspiracy to produce child pornography and one count of production of child pornography, in violation of 18 U.S.C. sections 2251(a) and (e). On the same day, the Court sentenced Defendant Matthew Pelton to 360 months imprisonment after he entered a guilty plea to the same charges.

Restitution is mandatory in this case, and each Defendant agreed to pay "full restitution for all losses caused by the schemes or offenses with which I was charged, and I understand that the

---

[1] Defendants consented to participating in the hearing by telephone.

1

amount of restitution will not be limited to the loss attributable to the counts to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3)." (Dkt. No. 136 (Pelton Plea Agreement ¶ 8); Dkt. No. 138 (Gharibian Plea Agreement, ¶ 8).)

**ANALYSIS**

Under 18 U.S.C. section 2259 ("Section 2259"), a court must impose restitution for the "the full amount of the victim's losses," which includes "any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim."[2] 18 U.S.C. §§ 2259(b)(1), (c)(2). Those losses may include: "medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; reasonable attorneys' fees, as well as other costs incurred; and any other relevant losses incurred by the victim." Id. §§ 2259(c)(2)(A)-(F).

"The government must provide the court with enough evidence to allow the court to estimate the 'full amount of the victim's losses' with 'some reasonable certainty.'" *United States v. Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011) (quoting *United States v. Doe*, 488 F.3d 1154, 1159-60 (9th Cir. 2007)). The government is not required to prove this amount with "mathematical precision," but if a court is required to "'engage in ... arbitrary calculations' to determine the amount of the" victim's losses, an award of restitution would be improper. *Id.* (quoting *United States v Laney*, 189 F.3d 954, 967 n.14 (9th Cir. 1999)).

A court cannot deny restitution based on "the economic circumstances of the defendant" or based on "the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." 18 U.S.C. § 2259(b)(4)(B)(i)(ii).

//

---

[2] As used in Section 2259, "victim" means: "the individual harmed as a result of a commission of a crime under this chapter. In the case of a victim who is under 18 years of age, …, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the crime victim's rights under this section, but in no event shall the defendant be named as such representative or guardian." Id. § 2259(c)(4). Defendants have not challenged Minor Victim 2's guardian status as a "victim."

2

A.     **The Court Grants Minor Victim 1's Request in Full.**

  1.     **Future Mental Healthcare.**

Minor Victim 1 asks for restitution to cover future costs of mental healthcare.  "[A] district court can order restitution in a definite amount for future therapy costs." *United States v. Follett*, 269 F.3d 996, 1001 (9th Cir. 2001) (citing *Laney*, 189 F.3d at 967).  Defendants do not dispute that the Court should award Minor Victim 1 some amount of restitution to cover mental health treatment in the future.  They argue that the request is speculative and unreasonable.[3]  The Court disagrees.

Minor Victim 1 submitted an evaluation prepared by Dr. Lynn Ponton ("Ponton Report").  Dr. Ponton opines that Minor Victim 1 will need therapy over the course of her lifetime to address mental health issues including, but not limited to, severe anxiety, depression, and Post-Traumatic Stress Disorder.  (*See* Dkt. No. 181-3, Ex. 1, Ponton Report at 1-2.)  At the hearing, Minor Victim 1 presented a letter from her current therapist, which states that her sessions cost $90 and states the self-pay market rate in California for therapists runs between $120-$225 per hour.  (*See* Dkt. No. 188-3.)

Minor Victim 1's counsel also made a persuasive argument that although Dr. Ponton's estimates are higher, the Ponton Report takes into account that rates will increase over time.  The Court concludes that the Ponton report provides adequate support for the duration of future mental healthcare.  *See, e.g., Laney*, 189 F.3d at 966-67 (relying on information provided by victim's psychiatrist to calculate amount due for future therapy and noting that "Congress was well aware that children victimized by sexual abuse often do not recover quickly from their injuries.") (citing, *e.g.*, S.Rep. No. 104-358, at 14 (1996) (describing long term effects of sexual exploitation on its victims)); *see also United States v. Singh*, No. 21-cr-123-HSG, Docket No. 88 (Restitution Order

---

[3]     Defendants also argue that "an award of restitution is an award that will reasonably be used for the purpose for which it was granted." (Pelton Response at 3:26-27; Gharibian Response at 3:2-3 (joining Pelton's response)).  The Ninth Circuit, however, has "affirmed restitution in similar cases without requiring actual use of the award for its specified purpose." *United States v. Rockett*, 752 Fed. Appx. 448, 450 (9th Cir. 2018) (citing *Doe*, 448 F.3d at 1160-61 and *Laney*, 189 F.3d at 967).

3

at 4:3-5:24) (relying on similar record to conclude the government substantiated restitution to cover future mental health and rehabilitation costs).[4]  Moreover, in addition to the actual abuse, the circumstances of these offenses readily support a conclusion that the Defendants' conduct inflicted long-lasting trauma.  (See, e.g., Ponton Report at 2, 4.)  The Court concludes the Government has met its burden to show the request is reasonable and that there is a causal connection to the Defendants' conduct.

### 2. Tutoring.

Dr. Ponton also opines that Minor Victim 1 would benefit from tutoring three days each week for four years because the abuse interfered with her schooling.  (Ponton Report at 3.)  In *Rockett*, the Ninth Circuit upheld a similar award based on testimony from a psychologist that the "victims faced difficulty in school because of Rockett's conduct, and the victims needed educational assistance because the rehabilitation of these children does not end with their psychology issues."  752 Fed. Appx. at 450 (cleaned up).  Neither Defendant raised a specific objection to this request, and the Court concludes the Government has met its burden to show the request is reasonable and that there is a causal connection to the Defendants' conduct.

### 3. Attorneys' Fees and Costs.

Section 2259(c)(2)(E) permits the Court to include reasonable attorneys' fees and costs in a restitution award.  Neither Defendant has objected to the amount of attorneys' fees and costs included in Minor Victim 1's request for restitution.  The fees and costs were incurred in connection with the preparation of Minor Victim 1's restitution request and to obtain Dr. Ponton's evaluation. (Dkt. No. 181-3 at ECF pp. 60-63, Declaration of Vanessa Baehr-Jones, ¶¶ 5-7.)  The Court has independently reviewed those requests, and it finds that they are reasonable and that there is a causal connection to the Defendants' conduct.

### 4. Conclusion.

For the reasons set forth above, the Court awards Minor Victim 1 restitution in the amount of $329,200: (1) $302,500 for future mental health and tutoring costs; and (2) $17,700 in

---

[4] Minor Victim 1's counsel represented the victim in *Singh* and cited the case to support her hourly rate.

attorneys' fees; and (3) $9,000 in costs.

**B.     The Court Grants Minor Victim 2's Request in Full.**

   **1.     Future Mental Healthcare.**

Minor Victim 2 seeks restitution in the amount of $110,880.00 to cover the cost of future mental healthcare, and she has submitted reports from medical and mental health professionals that document the need for such treatment over the course of her lifetime.  (Dkt. No. 181-3, Ex. B, Minor Victim 2 Request, Ex. A (Report of David Corwin, M.D. ("Corwin Rep."), § 2 & Appendix A (Report of Tristyn Wilkerson, Psy.D ("Wilkerson Rep.") at 11-14), Ex. N (letter regarding treatment).)  Minor Victim 2 based the cost of future mental health treatment using an estimated co-pay of $35.00 per session over the course of her lifetime.  The Court concludes that figure is reasonable and concludes the Government has met its burden to substantiate these costs and to show a causal connection between Defendants' conduct and the losses.

   **2.     Productivity and Quality of Life Losses.**

Minor Victim 2 asks for $341,242.76 in productivity and quality of life losses.  To support this request, Minor Victim 2 relies on reports submitted by Drs. Wilkerson and Corwin.  Dr. Corwin, in turn, relied on a study by Elizabeth L. Letourneau, et al., The Economic Burden of Child Sex Abuse in the United States, 79 Child Abuse & Neglect 413, 418 (2018) ("Letourneau Study").  (Corwin Rep. at ¶ 4, Appx. C.)

Defendants argue that these costs appear to be outside the scope of Section 2259, but Section 2259(c)(2)(F) allows restitution for "any other relevant losses incurred by the victim."  It appears that there are few cases that have included these types of losses in restitution awards.  For example, in *United States v. Whitley*, the court cited findings by the Center for Disease Control that "for all forms of child maltreatment," the lifetime burden was $212,012 per victim.  354 F. Supp. 3d 930, 937 (N.D. Ill. 2019).  It also noted "steep future costs" for victims of child sexual abuse, that can include "loss of productivity and increased healthcare costs in adulthood."  *Id.; see also United States v. Tilton*, No. 20-cr-00242-JAM, Dkt. Nos. 35-1, 50.[5]

---

[5]     The Government provided a copy of the restitution award with its notice of supplemental authority.  The minor victim's request in *Tilton* was filed under seal at Docket No. 35-1 in that

The Letourneau Study provides a basis for the Court to reasonably calculate these costs. The Court also is not required to engage in the apportionment analysis required by *Paroline v. United States*, 572 U.S. 434 (2014) because Minor Victim 2 was a direct victim of Defendants' conduct. *Cf. United States v. Blackburn*, No. CR 14-0129 WJ, 2017 WL 3225482, at *3 (D.N.M. July 28, 2017) ("Defendant's actions of sexually abusing both children on a nearly daily basis for nine months, and documenting and disseminating that abuse over the internet, caused significant and enduring harms that will last these children's lifetime. In other words, but-for Defendant's abuse, M.M. and A.M. would not be where they are today."). The Court concludes the Government has met its burden to substantiate these costs and to show a causal connection between Defendants' conduct and the losses.

### 3. Lost Income.

Section 2259(c)(2)(D) allows for lost income as part of a restitution award. Here, Minor Victim 2 seeks $31,096 in past lost income and $67,965 in future lost income on behalf of her guardian. Pelton did not specifically object to the request for past lost income. Gharibian argued the Court should closely scrutinize this request and asserted that it is her understanding that Minor Victim 2's guardian reduced her work schedule for health reasons unrelated to Minor Victim 2. Through Minor Victim 2's counsel, the Government submitted paystubs that document her guardian's salary and provides a means to reasonably calculate her guardian's lost wages incurred up to sentencing. Although she does not bear the burden of proof, Gharibian has not supported her understanding about Minor Victim 2's guardian's health with evidence. Therefore, there is nothing in the record to demonstrate that this amount should be reduced based on an unrelated, "intervening cause" between Defendants' conduct and these losses. *Kennedy*, 643 F.3d at 1262.

For the same reasons the Court concludes the cost of future therapy is warranted, the Court also concludes that the Government has met its burden to show the request for future lost wages is appropriate. The Court also finds it reasonable, and not speculative, to conclude that Minor Victim 2 would require more care than a teenager on whom such trauma was not inflicted. *Cf.*

case.

*Blackburn*, 2017 WL 3225482 at *6-7.

The Court concludes the Government has met its burden to substantiate these losses and to show the requisite causal connection to Defendants' conduct.

### 4. Travel Costs.

Minor Victim 2 also requests restitution for past and future travel expenses. Section 2259 permits recovery for losses related to "necessary transportation" and for any other relevant costs. 18 U.S.C. §§ 2259(c)(2)(C), (F). Pelton did not specifically object to the request for past travel expenses. Gharibian argues that some of the travel costs were incurred for her benefit – to help pack up her house - and argues that a week of travel for the sentencing hearing was unreasonable. Gharibian may have benefited from having help to pack her house, but Minor Victim 2 and her family still incurred those travel costs because of Gharibian's conduct, rather than an unrelated "intervening cause." *Kennedy*, 643 F.3d at 1262.

Minor Victim 2 also explains that some of the travel time for the sentencing hearing was incurred to enable her to spend time with Minor Victim 1. Under the factual circumstances of this case, the Court concludes that request is reasonable and has the requisite causal connection to Defendants' conduct. The Court also concludes the rest of the past travel expenses are reasonable and have the requisite causal connection to Defendants' conduct.

Finally, Minor Victim 2 also asks the Court to award her over $10,000 to cover the costs she will incur to travel future therapy sessions, which she has calculated based on the current distance between her home and her therapist's office (five miles) and the mileage reimbursement rate established by the Internal Revenue Service for 2023 (65.5 cents per mile). Minor Victim 2 provides a formula that the Court can use to calculate those losses with "some reasonable certainty." In light of the Court's ruling regarding the award for future therapy, the Court also concludes the Government has met its burden to show the requisite causal connection between Defendants' conduct and these losses.

### 5. Conclusion.

For the reasons set forth above, the Court awards Minor Victim 2 restitution in the amount of $574,573.70: (1) $99,061 in lost income; (2) $23,389.94 in travel expenses; (3) $110,880 for

7

future mental healthcare; and (4) $341,242.76 in productivity and quality of life losses.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN FULL the restitution requested by Minor Victim 1, c/o Advocates for Survivors of Abuse, Attn: [Minor Victim 1], 4200 Park Boulevard No. 413, Oakland, CA 94602, and Minor Victim 2, c/o Allison L. McQueen and Jordan M. Matthews, Jones Day, 110 North Wacker Drive, Suite 4800, Chicago, IL, 60606.

The Court shall issue an amended judgment to reflect the amount of the award. All other terms and conditions set forth in the judgments imposed on June 27, 2023 remain in effect.

**IT IS SO ORDERED**.

Dated: October 18, 2023

_____
JEFFREY S. WHITE
United States District Judge