United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

MATTHEW LEE PELTON,
Defendant.

Case No. 21-cr-00351-JSW-2

**ORDER DENYING MOTION TO VACATE AND DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 270

Movant, Matthew Pelton, currently is serving a sentence imposed by this Court after he pleaded guilty to one count of conspiracy to produce child pornography and one count of production of child pornography. Before the Court is Mr. Pelton's motion for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. For reasons that follow, the Court concludes an Order to Show Cause is not warranted, DENIES the motion without a hearing, and DENIES a certificate of appealability.

## ANALYSIS

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255.

A hearing is required "whenever the record does not affirmatively manifest the factual or

legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

**A. Applicable Legal Standard.**

As part of his plea agreement, Mr. Pelton agreed that he would not collaterally attack his conviction or sentence except for a claim based on allegations of ineffective assistance of counsel. (Plea Agreement ¶ 4.) Mr. Pelton raises four claims based on ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show both that his counsel's representation was deficient by an "objective standard of reason" and that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). There is a strong presumption that counsel's behavior was reasonable. *Id.* at 689; *see also Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1988) (reasoning relevant inquiry is whether choices made were reasonable, not what counsel could have done). Courts afford counsel wide latitude in formulating trial tactics and strategy. *Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995). A tactical decision amounts to ineffective assistance "only if it was so patently unreasonable that no competent attorney would have chosen it." *See Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983).

Prejudice occurs only when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Reasonable probability" exists where there is "probability sufficient to undermine confidence in the outcome." *Id.*; *see also Gonzalez v. Knowles*, 515 F.3d 1006, 1014 (9th Cir. 2008). This standard is a lower threshold than the "preponderance more-likely-than-not standard." *Strickland*, 466 U.S. at 693-94. The Court need not consider one prong of *Strickland*, either deficiency or prejudice, if there is an insufficient showing of the other. *Id.* at 697.

**B. The Court Concludes an Order to Show Cause Is Not Warranted.**

**1. Claim One: Failure to Call Mr. Pelton as a Defense Witness.**

In his first claim, Mr. Pelton alleges counsel failed to call him as a witness. Mr. Pelton

does not challenge his conviction and does not seek to vacate his guilty plea. Therefore, there would be no reason for counsel to call him as a defense witness. Moreover, Mr. Pelton provided a lengthy allocution, which the Court considered when it imposed sentence. (Dkt. No. 167, Tr. at 25:19-35:18, 41:15-42:6.) Mr. Pelton also does not discuss what additional facts he would have provided the Court. Therefore, when viewed against the record, Mr. Pelton's allegations do not demonstrate counsel's performance was deficient or that he suffered prejudice.

Accordingly, the Court concludes an Order to Show Cause is not warranted on this claim.

**2. Claims Two and Three: Failing to Follow Three-Step Process in Formulating Sentence and Failing to Provide Two-Point Reduction for Acceptance of Responsibility.**

Mr. Pelton also claims the Court failed to follow a three-step process in formulating his sentence and that counsel failed to object to the Court's alleged failure to grant him a two-point reduction for acceptance of responsibility. The transcript demonstrates that the Court considered the parties' positions on the appropriate guidelines calculation. The Court adopted the Probation Officer's calculation of offense level, which included a three-point reduction for acceptance of responsibility. (Dkt. No. 146, Presentence Investigation Report ¶¶ 65-95; Tr. at 3:23-11:13, 39:9-18.) Because the Court did grant Mr. Pelton a three-point reduction for acceptance of responsibility, his allegations do not support a claim for ineffective assistance of counsel on Claim Three.

The Court then turned to the factors set forth in 18 U.S.C. section 3553(a) and expressed its views on several of the Section 3553(a) factors. For example, the Court specifically referred to the nature of the offense the nature and characteristics of Mr. Pelton. The Court also referenced Mr. Pelton's allocution and the fact that it made the Court "more aware of the need for this defendant to get the message," *i.e.* the need for the sentence to reflect the seriousness of the offense and to adequately deter future criminal conduct. (Tr. at 39:20-42:6.) The Court noted that counsel also addressed Section 3553(a) factors in their presentations to the Court. Both parties addressed the nature and circumstances of the offense and Mr. Pelton's history and characteristics. With respect to the public's need for protection, counsel for Mr. Pelton submitted a report suggesting that, with treatment, Mr. Pelton was a low risk for future dangerousness. Mr. Pelton's

counsel also addressed the issue of avoiding unwanted disparities between Mr. Pelton and his co-defendant and the need to pay restitution to his victims. (*See, e.g.,* Tr. at 13:24-14:25, 17:25-24:9; *see also* Dkt. Nos. 148 and 150 (parties' sentencing memos).) The Court carefully considered those arguments when it imposed sentence.

Mr. Pelton's counsel did not object that the Court failed to adequately express its reasons for imposing a 360-month sentence and did not ask for the Court to expound further on its rationale. However, the Court was not required to provide "a specific articulation of each factor separately" if the record shows it considered those factors in imposing Mr. Pelton's sentence. *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir. 2006). Even if counsel was deficient in failing to object, when the Court views the allegations against the record, it finds Mr. Pelton has not shown the result of his sentencing would have been different. Therefore, the Court concludes he has not met his burden to show prejudice and an Order to Show Cause is not warranted on Claim Two.

**3. Claim Four: Failure to Recuse.**

Mr. Pelton's final claim is that his counsel failed to object to the undersigned continuing to preside over the matter. The undersigned would have been required to disqualify himself in this proceeding if "his impartiality might reasonably be questioned," or if "he ha[d] a personal bias or prejudice concerning [Mr. Pelton], or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a)-(b)(1). Mr. Pelton alleges the Court received a letter from his stepmother that detailed his defense plans. (*See* Mot. at 7-8.) The Court did not receive such a letter, and there was other no basis for counsel to ask the Court to recuse itself; nor was there a basis for the Court to do so *sua sponte.*

Looking at these and the remaining allegations against the record, the Court concludes Mr. Pelton does not state a claim for relief. Accordingly, the Court concludes an Order to Show Cause is not warranted on Claim 4.

**C. The Court Denies a Certificate of Appealability.**

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires a district court to determine, in the same order in which the motion for relief is denied, whether a petitioner is

entitled to a certificate of appealability. A petitioner is entitled to a certificate of appealability when he shows that reasonable jurists could find the district court's decision "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a court may grant a certificate of appealability where the issues presented "are adequate to deserve encouragement to proceed further." *Id.* at 483-84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Here, a certificate of appealability is not warranted. For the reasons explained above, jurists of reason would not find this Court's denial of Mr. Pelton's motion debatable or wrong.

## CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Pelton's motion to vacate and DENIES a certificate of appealability. The Court will enter a separate judgment on the motion, and the Clerk shall close the associated civil case *Pelton v. United States*, No. 26-cv-6061-JSW.

**IT IS SO ORDERED**.

Dated: September 8, 2026

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California